UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

LUIS HERNANDEZ GONZALEZ,
    a/k/a "Luis Hernandz,"
    a/k/a "Luisito,"

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

S4 22 Cr. 437 (KPF)

WHEREAS, on or about November 30, 2023, LUIS HERNANDEZ GONZALEZ (the "Defendant"), was charged in a four-count Information, S4 22 Cr. 437 (KPF) (the "Information"), with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Two); conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Three); and conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Section 846 (Count Four);

WHEREAS, the Information included a forfeiture allegation as to the wire fraud offense charged in Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Information also included a forfeiture allegation as to the bank fraud offense charged in Counts One and Three of the Information, seeking forfeiture to the United

States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offenses charged in Counts One and Three of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Three of the Information;

WHEREAS, the Information also included a forfeiture allegation as to Count Four of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offense charged in Count Four of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Information;

WHEREAS, on or about November 30, 2023, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One, Three, and Four of the Information and agreed to forfeit to the United States, pursuant to: (i) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money representing proceeds traceable to the commission of the offenses charged in Counts One and Three of the Information; and (ii) Title 18, United States Code, Section 853, a sum of money representing proceeds traceable to the commission of the offense charged in Count Four of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $400,000 in United States currency, representing the amount of proceeds traceable to

the offenses charged in Counts One, Three, and Four of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Three, and Four of the Information that the Defendant personally obtained, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney, Emily Deininger of counsel, and the Defendant, and his counsel, Bijan Parwaresch, Esq., that:

1. As a result of the offenses charged in Counts One, Three, and Four of the Information, to which the Defendant pled guilty, a money judgment in the amount of $400,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Three, and Four of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, LUIS HERNANDEZ GONZALEZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          8/20/25
    EMILY DEININGER                                      DATE
    Assistant United States Attorney
    26 Federal Plaza
    New York, NY 10278
    (212) 637-2472

LUIS HERNANDEZ GONZALEZ

By: _____          8/20/25
    LUIS HERNANDEZ GONZALEZ                 DATE

By: _____          8/20/25
    BIJAN RARWARESCH, ESQ.                        DATE
    Attorney for Defendant
    407 Lincoln Road, Suite 12-E
    Miami Beach, Florida 33139

SO ORDERED:

_____          8/20/2025
HONORABLE KATHERINE POLK FAILLA         DATE
UNITED STATES DISTRICT JUDGE